# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            No. CR 09-2441 JB

LUIS ENRIQUEZ-RAMIREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 29, 2009 (Doc. 21). The Court held a sentencing hearing on November 20, 2009. The primary issue is whether the Court should depart downward or vary from the guideline imprisonment range of 33 to 41 months. For the reasons stated at the sentencing hearing, and for further reasons consistent with those already stated, the Court denies the request for a downward departure and grants the request for a variance.

## PROCEDURAL BACKGROUND

On June 8, 2009, Defendant Luis Enriquez-Ramirez was arrested for unlawfully re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(b)(2). See Criminal Complaint at 1, filed July 6, 2009 (Doc. 1). On July 4, 2009, Enriquez-Ramirez was charged with the aforementioned crime by complaint. See id. He now comes before the Court for sentencing. According to the Presentence Investigation Report (dated October 13, 2009)("PSR"), Defendant Luis Enriquez-Ramirez has an offense level of 13 and a criminal history category of VI, which establishes a guideline imprisonment range of 33 to 41 months.

On October 29, 2009, Enriquez-Ramirez filed a Sentencing Memorandum requesting both

a downward departure and a variance based on cultural assimilation and the factors set forth in 18 U.S.C. § 3553(a).  See Transcript of Hearing at 2:22-3:5 (taken November 20, 2009)(Court, Esparza)("THE COURT: . . . Mr. Esparza, . . . are you requesting a variance or a departure or both? . . . . MR. ESPARZA: Well, Your Honor, I'm speaking of seeking a variance and a departure because of the cultural assimilation issue that we think is present in this case.").[1]  The United States responded to Enriquez-Ramirez' Sentencing Memorandum on November 5, 2009, opposing any downward departure or variance, whether based on cultural assimilation or 18 U.S.C. § 3553(a). See United States' Response to Defendant's Sentencing Memorandum Filed October 29, 2009 [Doc. 21] at 1-2, filed November 5, 2009 (Doc. 22)("United States' Response").

Enriquez-Ramirez insists that he is an "ad hoc" American, whose "extensive familial and cultural ties to the United States" set him apart from the usual re-entry defendant.  Sentencing Memorandum at 3.  He argues he was brought here as a toddler and has lived in New Mexico ever since.  He has completed his G.E.D. and has had a job working at Lujan's Bakery in Las Cruces, New Mexico since 2000.  He has a long-term relationship with his common-law wife, Veronica Garcia, and the two intend to officially marry.  He has three children of his own, ages five, seven, and twelve, and Garcia has a child from a different relationship, age nine, for whom Enriquez-Ramirez cares as his own.  Enriquez-Ramirez insists that, "in light of his assimilation into the American culture, a sentence lower than that suggested by the advisory guidelines would be sufficient, but not greater than necessary, to achieve the statutory goals of sentencing."  Sentencing Memorandum at 3.  The United States argues that Enriquez-Ramirez' case is not the kind of "extraordinary circumstances" that warrant a variance or departure based on cultural assimilation.

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

United States' Response at 3.  Enriquez-Ramirez further argues that the Court should vary based on the factors in 18 U.S.C. § 3553(a).  See Sentencing Memorandum at 4-5.  The United States disagrees, insisting that the balancing of factors in 18 U.S.C. § 3553(a) counsel in favor of a sentence within the guidelines.  See United States' Response at 4-7.

## LAW REGARDING DEPARTURE BASED ON CULTURAL ASSIMILATION

Even when the Sentencing Guidelines were considered mandatory, a sentencing court had authority to consider cultural assimilation as a factor meriting a downward departure because the Guidelines do not prohibit a court from considering such factors.  See United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998).  Because the Guidelines do not mention cultural assimilation, however, a sentencing court can use them as a basis for departure only when the specific circumstances of a particular case take it from the heartland of cases that the Guidelines contemplate.  In most cases, "departures based on grounds not mentioned in the Guidelines will be highly infrequent."  Koon v. United States, 518 U.S. 81, 95-96 (1996).  Although such departures may be infrequent, under U.S.S.G. § 5K2.0, unusual circumstances may be sufficiently extraordinary that they are accepted as a basis for departure and thereby become relevant to sentencing.  See Koon v. United States, 518 U.S. at 95-96.

The Tenth Circuit has referred to the cultural-assimilation departure approvingly in several opinions.  See United States v. Marquez-Olivas, 172 Fed. Appx. 855, 857 (10th Cir. 2006) (affirming district court's denial of motion for downward departure based on cultural assimilation and extraordinary family ties); United States v. Gonzalez-Lopez, 41 Fed. Appx. 286, 287 (10th Cir. 2002).  Other Circuits have formally endorsed this particular departure ground.  See United States v. Rodriguez-Monteloneo, 263 F.3d 429 (5th Cir . 2001); United States v. Lipman, 133 F.3d 726 (9th Cir. 1997). In the Tenth Circuit, "extraordinary circumstances" must be present to warrant a

departure on the basis of cultural assimilation. United States v. Marquez-Olivas, 172 Fed. Appx. at 857.

## ANALYSIS

The Court will deny Enriquez-Ramirez' request for a downward departure based on his cultural assimilation. While the Court believes that such a departure is warranted under some circumstances, the Court does not believe that Enriquez-Ramirez' situation is so unique as to fall outside the heartland of re-entry cases in which the defendant has committed other crimes in the United States. The Court sees many cases wherein the defendant was brought to the United States as a child and is, for whatever reason, never properly naturalized. It is unfortunate to see a person who, in many ways, is as much an American as one born in this country deported to a country that is not his or her home. The frequency of such cases, however, indicates that the circumstances are not "extraordinary," as the Tenth Circuit appears to require to warrant a downward departure. United States v. Marquez-Olivas, 172 Fed. Appx. at 857.

The Court will, however, grant Enriquez-Ramirez' request for a variance. The Court has considered the guidelines, but, in arriving at its sentence, the Court has taken account not only of the guidelines but also of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. And, while the Court does not find that Enriquez-Ramirez' circumstances warrant a departure based on cultural assimilation, the Court believes that it may and should take the amount of time that Enriquez-Ramirez has spent in the United States and his strong family ties into consideration as factors in deciding whether a variance is appropriate. The Court believes that, for a number of reasons, that a guideline sentence is not appropriate for this sort of offense. Having considered the kinds of sentences and ranges established by the guidelines, the

Court believes some variance is appropriate.

First, the Court notes that Enriquez-Ramirez attended school here and is as much an American as most children born in the United States. The Court finds that cases like this one pose special problems and some unfairness issues, given that the defendant comes at so young an age. This circumstance counsels in favor of some variance. Also, while the Court is concerned about Enriquez-Ramirez' criminal history and drug convictions, the Court notes that the Enriquez-Ramirez' crimes were not crimes of violence. The Court believes that a sentence of 24 months is appropriate in this case.

The Court believes that a sentence of 24 months reflects the seriousness of Enriquez-Ramirez' offense, promotes respect for the law, and affords adequate deterrence. Although the Court is concerned that Enriquez-Ramirez returned to the United States quickly after spending four years in custody, the Court believes that this additional 24-month sentence will place Enriquez-Ramirez on notice that coming back into the United States will be treated seriously. In sum, the Court believes that the sentence fully reflects the factors embodied in 18 U.S.C. § 3553(a). For the reasons stated above, those stated on the record, and for further reasons consistent with those already stated, the Court will grant Enriquez-Ramirez' request for a variance and sentence him to a term of 24 months in the custody of the Bureau of Prisons.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum are granted in part and denied in part. Defendant Luis Enriquez-Ramirez' request for a downward departure is denied, but his request for a variance is granted. The Court sentences Enriquez-Ramirez to a term of 24 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Holland S. Kastrin
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mario A. Esparza
Mario A. Esparza Attorney at Law
Las Cruces, New Mexico

    *Attorney for the Defendant*