AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT

**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>**Luis Enriquez-Ramirez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:09CR02441-001JB**<br>USM Number: **50824-051**<br>Defense Attorney: **Mario Esparza, Retained** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Information**

☐  pleaded nolo contendere to count(s)

☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2), 8 U.S.C. Sec. 1326(b)(2) | Reentry of a Removed Alien | 06/08/2009 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .

☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| | **November 20, 2009** |
| County of Residence | Date of Imposition of Judgment |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | **Honorable James O. Browning**<br>**United States District Judge** |
| | Name and Title of Judge |
| | **December 11, 2009** |
| | Date Signed |

Defendant: **Luis Enriquez-Ramirez**
Case Number: **2:09CR02441-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Luis Enriquez-Ramirez has an offense level of 13 and a criminal history category of VI, which establishes a guideline imprisonment range of 33 to 41 months. The Court, however, thinks that a variance to a sentence of 24 months is appropriate in this case. In arriving at this sentence, the Court has considered the guidelines, but has also taken account of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. And while the Court does not choose to depart under the guidelines, it concludes that it should take into account the amount of time that Enriquez-Ramirez has spent in the United States and his strong family ties as factors in analyzing whether it should grant a variance. Ultimately, the Court believes that, for a number of reasons, the advisory guideline sentence is not appropriate in this case.**

**The Court has considered the kinds of sentences and ranges established by the guidelines, and believes that some variance is appropriate in this case. It has also considered the specific facts of Enriquez-Ramirez` history in the United States. Enriquez-Ramirez attended school here, and he is about as American as any child born here in the United States. These cases pose special problems in terms of fairness, given that such individuals come into the country at such a young age that they identify with the country as much as children who are born here. The Court believes that this situation counsels for some variance. Also, while the Court is very concerned about Enriquez-Ramirez` criminal history and drug convictions, those crimes are not generally violent, nor were they committed in a violent manner. Thus, the Court believes that a sentence of 24 months is more appropriate than a sentence falling within the guideline range. Such a sentence reflects the seriousness of this offense, which is coming back in the United States, but also reflects Enriquez-Ramirez` criminal history. While a 24-month sentence is not as long as Enriquez-Ramirez was sentenced for his prior crimes, the Court thinks it nevertheless is adequate to promote respect for the law. A 24-month sentence provides a more just punishment in large part because Enriquez-Ramirez` crimes were not violent, and also because he has such long-standing ties to the United States.**

**The Court also finds that a sentence of 24 months will afford adequate deterrence. The Court is concerned that Enriquez-Ramirez spent four years in prison and then came fairly quickly back to the United States, but he now is on notice that coming back in the United States alone -- even without other criminal actions -- will be treated seriously. Again, while the Court realizes that drug offenses are serious, Enriquez-Ramirez` prior crimes were non-violent. The Court therefore finds that a 24-month sentence adequately protects the public and, ultimately, fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).**

**The Court`s task is not to come up with a reasonable sentence, but rather to balance the factors set forth in 18 U.S.C. § 3553(a) as appropriately as it can, and the Court believes this sentence more adequately balances those factors than a sentence within the guideline range. Perhaps most importantly, the Court thinks this sentence is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court therefore grants Enriquez-Ramirez` request for a variance and sentences him to a term of 24 months in the custody of the Bureau of Prisons.**

☒     The court makes these recommendations to the Bureau of Prisons:

   **Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant must surrender to the United States Marshal for this district:
   ☐     at  on
   ☐     as notified by the United States Marshal.
☐     The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐     before 2 p.m. on
   ☐     as notified by the United States Marshal

☐    as notified by the Probation or Pretrial Service Office.

## **RETURN**

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

 

_____

UNITED STATES MARSHAL

 

_____

Deputy United States Marshal

Defendant: **Luis Enriquez-Ramirez**
Case Number: **2:09CR02441-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3                                                                Judgment - Page 5 of 5

Defendant: **Luis Enriquez-Ramirez**
Case Number: **2:09CR02441-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Luis Enriquez-Ramirez**
Case Number: **2:09CR02441-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.